UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:

WILLIAM T. SMITH and
BRENDA FAY SMITH,

        Debtors.

Case No. 95-42950
Chapter 7

WILLIAM T. SMITH,

        Plaintiff,

v.

JANET SMITH and STATE OF ALABAMA
EX REL., JANET SMITH

        Defendants.

Adv. P. No. 11-40050-JJR

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Attached to the Plaintiff's complaint was a petition filed in State Circuit Court by the Defendant, Janet Smith, which sought to hold the Plaintiff in contempt for failing to pay interest arrears that had accumulated on his child-support obligations owing to the Defendants. In this adversary proceeding, the Plaintiff seeks a declaration that unpaid interest on his child- support obligation was discharged in his chapter 7 bankruptcy case, and in particular that such interest was not excepted from discharge pursuant to § 523(a)(5) of the Bankruptcy Code.[1] The Plaintiff's bankruptcy case was filed, and his discharge was granted before the enactment of the Bankruptcy

---

[1] Unless otherwise indicated, references to the "Bankruptcy Code" or "Code" are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq*. The symbol "§" is a reference to a section, subsection or other subdivision of the Code. References to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"); however, BAPCPA changed nothing pertinent to the Court's decision in this matter.

Co-defendant, State of Alabama, Department of Human Resources ("DHR"), a state agency that collects delinquent child-support obligations, filed a motion for summary judgment. Contrary to the Plaintiff's contention, DHR asserts that § 523(a)(5) does except from discharge unpaid interest accrued on child-support obligations, and, therefore, the Defendants are entitled to a judgment as a matter law.[2] The pre-BAPCPA Code provided in § 523(a)(5) that a discharge granted under the Code to an individual debtor did not discharge him or her "from any debt . . . to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child . . . ." An assignment of such debt to a third party may result in the debt being discharged, unless the assignment was to a State or political subdivision of such State, such as DHR. § 523(a)(5). No mention was made in pre-BAPCPA § 523(a)(5) regarding whether pre- or post-petition interest, or for that matter post-discharge interest, accruing on a child-support obligation was nondischargeable, and therein, according to the Plaintiff, is the issue to be addressed in this case.[3]

---

[2]DHR also relied on an opinion from the Alabama Attorney General's office in which authorities were cited to support the universally accepted principle that delinquent child-support obligations accrue interest.

[3]Post-BAPCPA § 523(a)(5) simply excepts "domestic support obligations" — which includes child support — from discharge. Those terms are defined in § 101(14A), and that definition specifically includes "interest that accrues on that debt as provided under applicable nonbankruptcy law." The Plaintiff argues that the inclusion of interest under BAPCPA supports his position that under the pre-BAPCPA Code, support obligations excepted from discharge under § 523(a)(5) did not include interest on those obligations.

2

Jurisdiction:

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I); therefore, the Court has authority to enter a final order. In compliance with Rule 7052(a), the following shall constitute the Court's findings of fact and conclusions of law.

Standard For Summary Judgment:

A motion for summary judgment is controlled by Bankruptcy Rule 7056, which directs that Rule 56 of the Federal Rules of Civil Procedure is applicable to bankruptcy adversary proceedings. A court may grant summary judgment to a moving party when that party demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Bankruptcy Rule 7056(a). In considering the merits of a motion for summary judgment, the judge's function is not to determine the truth of the matter asserted or the weight of the evidence, but to determine whether the factual disputes raise genuine issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In making this determination, the facts are to be considered in a light most favorable to the non-moving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Allen v. Board of Public Educ. For Bibb Co.*, 495 F.3d 1306 (11th Cir. 2007).

Conclusions of Law:

An Eleventh Circuit decision issued less than a month ago answers all issues raised in this adversary proceeding. In *State of Florida Department of Revenue v. Diaz (In re Diaz)*, __ F.3d __ (11th Cir. 2011), 2011 WL 3117875, the circuit court reversed the two lower courts — bankruptcy and district courts — which had incorrectly concluded that Florida's and Virginia's counterparts to

3

Alabama's DHR had violated the discharge injunction granted to a pre-BAPCPA debtor, when they attempted to collect unpaid pre- and post-petition interest on the debtor's child-support obligation. Although the debtor in *Diaz* was discharged under chapter 13, the court's holding clearly applies with equal force to a chapter 7 discharge. Footnote 14 of the *Diaz* decision is dispositive:

> Although it is clear that pre-petition interest and principal are part of a nondischargeabile child-support obligation, the Eleventh Circuit has not yet considered whether interest on a child-support obligation that accrues post-petition is also nondischargeable. In In re Burns, however, we held that "post-petition interest on a nondischargeable tax debt is nondischargeable." 887 F.2d 1541, 1543 (11th Cir. 1989). We see no basis on which to distinguish post-petition interest on a tax debt and post-petition interest on a child-support debt. Thus, we agree with the Ninth Circuit that "post-petition interest, as an integral part of the nondischargeable child support obligation, is also nondischargeable and may be collected personally against the debtor" after the discharge. In re Foster, 319 F.3d 495, 498 (9th Cir. 2003); see also Bruning v. United States, 376 U.S. 358, 360 (1964) ("[O]ne would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount.").

*Diaz* at \*___ n. 14.[4]

Order:

Accordingly, the Court finds that the Defendants are entitled to judgment in their favor as a matter of law, and DHR's Motion for Summary Judgment is hereby GRANTED, and it is

---

[4]Perhaps the most remarkable holding in *Diaz* was that a bankruptcy court's determination of the *amount* of a child-support obligation owing by a debtor is not binding in a post-discharge state court proceeding. According to the Eleventh Circuit, while a bankruptcy court may determine the amount of a support obligation to be paid in a title 11 proceeding, that determination does not preclude a party from again challenging the amount of that obligation in a post-discharge state court enforcement (usually contempt) proceeding — in other words, issue preclusion, a/k/a collateral estoppel, is not applicable. After reading *Diaz,* one must conclude that a discharge granted in a bankruptcy court within the Eleventh Circuit does not under any circumstances discharge the unpaid principal of, or interest on a domestic support obligation, whether that obligation — principal or interest — arose pre- or post petition, pre- or post discharge, or in a pre- or post-BAPCPA case, and the bankruptcy court's determination of the amount of that obligation is not binding post-discharge in state court contempt proceedings.

ORDERED that the child-support obligation owing by the Plaintiff to the Defendants, or either of them, was not discharged in the Plaintiff's chapter 7 bankruptcy case, and such non-discharged obligation includes both the unpaid principal thereof, and interest thereon, regardless of whether arising or accruing pre- or post-petition, or pre- or post-discharge, and the Defendants are not barred from pursuing the collection of such obligation in the State Circuit Courts.[5]

Costs are taxed as paid. The Clerk of this Court is directed to close this case and adversary proceeding after the time for appeal has lapsed if no appeal is filed.

So done and ordered this 23rd day of August 2011.

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

[5] In his complaint's prayer for relief the Plaintiff also requested that the Court find his child-support obligation was not excepted from discharge under pre-BAPCPA § 523(a)(15), which covers property divisions and settlements in divorce proceedings. Nowhere in his complaint does the Plaintiff refer to his obligation to the Defendants as being anything other than child support, and the State Circuit Court application for contempt attached to the complaint refers to the obligation only as child support. Thus, the Court did not interpret the complaint as raising any genuine dispute based on § 523(a)(15).

5